**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LARAY GILLETT, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHIPOTLE SERVICES, LLC, CHIPOTLE MEXICAN GRILL, INC.,<br><br>Defendants. | ) | CIVIL ACTION NO.: 1:26-cv-05951 |

# NOTICE OF REMOVAL

Defendants Chipotle Services, LLC and Chipotle Mexican Grill, Inc. (collectively "Chipotle"), by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, hereby file their Notice of Removal of this action, originally filed in the Supreme Court of the State of New York in Queens County, New York, to the United States District Court for the Eastern District of New York. In support of removal, Chipotle identifies the following grounds for removal:

## I. NATURE OF THE ACTION

1. On or about August 25, 2026, Plaintiff Laray Gillett ("Plaintiff") commenced a civil action in the Supreme Court of New York, Queens County, Index No.: 725383/2026 naming Defendants as parties to the action ("State Court Action"). True and correct copies of all process, pleadings, and other papers or exhibits of every kind on file in the State Court Action are attached hereto as **Exhibit A.**

2. Plaintiff's Complaint contains claims arising under the Fair Labor Standards Act ("FLSA") and state law wage-and-hour claims.

3. Defendants hereby remove this action to this Court based on federal question jurisdiction.

## II. REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

4. Plaintiff's Complaint contains a claim arising under the FLSA, 29 U.S.C. § 206 et seq.

5. This matter is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because Plaintiff has alleged violations and causes of action arising under federal law, specifically, the FLSA. *See* **Exhibit A**. An action filed by a plaintiff in state court may be removed by a defendant to federal court if the federal court had jurisdiction at the time of filing. 28 U.S.C. § 1441(a); *see Rubenfeld v. Fed. Express Corp.*, No. 25-cv-03805, 2025 WL 3204805, at *1 (E.D.N.Y. Nov. 17, 2025); *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998).

6. This Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the remaining counts in the Complaint. These claims derive from a common nucleus of operative facts related to Plaintiff's employment with Chipotle. This Court may, therefore, properly exercise supplemental jurisdiction over Plaintiff's claims arising under state and/or local laws as they are part of the same case and controversy regarding alleged wage-and-hour employment law claims. *Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 248-50 (2d Cir. 2011).

## III. VENUE IS PROPER IN THE EASTERN DISTRICT OF NEW YORK

7. Because this action is pending in the Supreme Court of New York, Queens County, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. §§ 112(c) & 1441(a).

## IV. REMOVAL IS PROCEDURALLY PROPER

8. This Notice of Removal is timely under 28 U.S.C. § 1446(b). The Complaint was filed on August 25, 2026 and served on Chipotle on September 4, 2026. (*See* **Exhibit A**.) Because removal is made within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

9. The United States District Court for the District of the Eastern District of New York encompasses the place where this action was originally filed. *See* 28 U.S.C. §§ 112(c) & 1446(a).

10. Pursuant to 28 U.S.C. § 1446(a), documents filed in the State Court Action, the copy of the docket sheet in the State Court Action, and copies of all process and pleadings in the State Court Action are attached to this Notice of Removal as **Exhibit A**. Defendants have not yet filed their answer in the State Court Action.

11. Immediately following the filing of this Notice of Removal, Defendants will file a Notice of Filing of Notice of Removal with the clerk of the state court in which the State Court Action was pending and serve a copy on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(a) and (d). Attached hereto as **Exhibit B** is a copy of the Notice of Filing Notice of Removal that Defendants intend to file in the state court, excluding exhibits.

12. Defendants have paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

## V. NON-WAIVER OF DEFENSES

13. By filing this Notice of Removal, Defendants do not waive any defenses available to it. Defendants do not admit, and in fact specifically deny, that the Complaint states a claim upon

which relief may be granted, or that Plaintiff is entitled to any damages or any other relief sought in the Complaint.

## VI. REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE IF NEEDED

14. As the party requesting removal, Defendants' instant Notice of Removal has satisfied its obligation to provide a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (citing 28 U.S.C. § 1446(a)). "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to the matters of pleading.'" *Id*. Defendants have satisfied this standard here; however, should the Court so request, the factual allegations in this pleading will be supported by affidavit or other summary-judgment-type evidence.

15. In the event Plaintiff files a motion or other request to remand, or the Court considers remand *sua sponte*, Defendants reserve all rights to submit such additional argument and/or evidence in support of removal as may be necessary or appropriate.

Respectfully submitted,

*/s/ Alexandra L. Simels*
Alexandra L. Simels, Esq.
MARTENSON, HASBROUCK, & SIMON LLP
One Battery Park Plaza, Suite 1110
New York, NY 10004
Telephone: (332) 345-2472
asimels@martensonlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 24, 2026, I electronically filed the foregoing document with the Clerk of the Court. The foregoing document is also being served by U.S. Mail First Class and electronic mail to Plaintiff's counsel of record.

Joanna Ghosh, Esq.
Lawyers for Justice, P.C.
217 Broadway, Suite 511
New York, New York 10007
Telephone: (516) 587-8423
joanna@calljustice.com

*/s/ Alexandra L. Simels*
Alexandra L. Simels, Esq.

Revised 7.16.2026; Effective 7.16.2026

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Laray Gillett

**(b)** County of Residence of First Listed Plaintiff: Queens
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Joanna Gosh, Esq., Lawyers for Justice, P.C., 217 Broadway, Suite 511, New York, NY 10007. (516) 587-8423

## DEFENDANTS

Chipotle Services, LLC and Chipotle Mexican Grill, Inc.

County of Residence of First Listed Defendant: ____________
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Alexandra L. Simels, Esq. Martenson Hasbrouck & Simon LLP
One Battery Park Plaza, Suite 1110, New York, NY 10004. (332) 345-2472

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee *
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [X] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 1441(a)

Brief description of cause:
Fair Labor Standards Act and state law wage and hour claims.

## VII. REQUESTED IN COMPLAINT:

- [X] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

* Please respond to Part F on Page 2

PAGE ONE OF TWO - PLEASE CONTINUE TO PAGE TWO

## PART A - CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration: No

I, Alexandra L. Simels, counsel for Defendants, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- ☐ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,
- ☑ the complaint seeks injunctive relief, or
- ☐ the matter is otherwise ineligible for the following reason:

## PART B - DISCLOSURE STATEMENT - FEDERAL RULES of CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

Please see separately filed Rule 7.1 Disclosure Statement.

## PART C - RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## PART D - NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you **must select Office Code 2**.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? No
2. In actions not involving real property, is the action being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? No
3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? No
   b. Do the majority of defendants reside in Nassau or Suffolk County? No
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? No
4. If this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County? No
   (*Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts*).

## PART E - BAR ADMISSION

1. I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court. Yes

   If you answered No to E(1), please see instructions and Local Civ. R. 1.3.

2. Are you currently the subject of any disciplinary action (s) in this or any other state or federal court? No If yes, please explain:

## PART F - IMMIGRATION HABEAS

1. Is this petition based on an immigration detention? No
2. Does this case require immediate attention of a judge? No

If you answered Yes in Part F, and are filing this action after business hours, please see instructions here: https://www.nyed.uscourts.gov/emergency-applications-filed-after-business-hours.

Check Form to Validate Before Signing

I certify the accuracy of all information provided above.

**Signature**: /s/ Alexandra L. Simels Date: 9/24/2026

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------X
LARAY GILLETT, individually, and on behalf of others similarly situated,

Plaintiff,

vs.

Index No.:
**SUMMONS**

CHIPOTLE SERVICES, LLC, CHIPOTLE MEXICAN GRILL, INC.,

Defendants.
--------------------------------------------X

To the above-named Defendants:

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the Complaint of the Plaintiff herein and to serve a copy of your Answer on the Plaintiff's attorney at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if this Summons is not delivered personally to you within the State of New York.

**YOU ARE HEREBY NOTIFIED THAT** should you fail to answer, a judgment will be entered against you by default for the relief demanded in the Complaint.

Venue is proper because the Plaintiff was employed at the Defendants' location in Queens County and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Queens County.

Dated: August 25, 2026

***LAWYERS for JUSTICE, P.C.***
*/s/ Joanna Ghosh*
Joanna Ghosh
*Attorneys for Plaintiff, the Putative Class, and the FLSA Collective*
***Mailing Address***:
217 Broadway, Suite 511
New York, New York 10007
joanna@calljustice.com

**Defendants' Address:**
CHIPOTLE SERVICES, LLC, CHIPOTLE MEXICAN GRILL, INC.
c/o Corporation Service Company
80 State Street
Albany, New York 12207

**SUPREME COURT OF THE STATE OF NEW YORK**
**FOR THE COUNTY OF QUEENS**

| | |
|---|---|
| LARAY GILLETT, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHIPOTLE SERVICES, LLC, CHIPOTLE MEXICAN GRILL, INC.,<br><br>Defendants. | Index No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LARAY GILLETT ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to themselves and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This is a collective action and class action brought to remedy violations of New York state wage-and-hour laws by Defendants (as defined herein).

2. Defendants operate fast casual restaurants throughout the United States and in New York.

3. At all relevant times set forth herein, Defendants employed Plaintiff and other similarly situated persons as hourly non-exempt workers. Defendants continue to employ workers throughout the United States and in New York.

4. Defendants have engaged in a common practice of requiring Plaintiff and similarly situated employees to work without proper pay. Upon information and belief, Defendants knew or

should have known that Plaintiff and Class Members were entitled to receive minimum and regular wages for all hours worked and that they were not receiving minimum and regular wages for all hours worked.

5. Defendants knew or should have known that Plaintiff and Class Members were entitled to reimbursement of all necessary business-related expenses and that they were not being reimbursed for all necessary business-related expenses.

6. Upon information and belief, at all relevant time periods, Defendants knew or should have known that they had a duty to provide Plaintiff and Class Members with compensation due to them under the law, and Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, all in order to increase Defendants' profits.

7. Plaintiff also seeks to recover unpaid compensation on behalf of Class Members pursuant to the New York labor law, including, *inter alia*, Article 6, § 190, *et seq.*, Article 19, § 650, *et seq.*, and applicable Wage Orders (collectively, "NYLL").

## THE PARTIES

***Plaintiff LaRay Gillett***

8. Plaintiff LARAY GILLETT is an individual over the age of eighteen, and at all times relevant to this Complaint, was a resident of the State of New York, County of Queens.

9. Plaintiff is a covered employee within the meaning of the FLSA, NYLL and applicable Wage Orders.

10. Plaintiff was employed as a non-exempt worker for Defendants at the Elmhurst location, from approximately January 2025 to approximately August 2025.

11. Plaintiff regularly worked off the clock for Defendants' benefit performing tasks before clocking in for a shift, during what should have been a duty-free meal break, and after clocking out of a shift.

12. Plaintiff regularly worked off the clock and was not compensated for all hours worked.

13. Plaintiff was required to work and did work multiple shifts in a day, totaling ten or more hours, and did not receive an additional hour's pay at the applicable minimum hourly wage rate.

14. Defendants failed to pay straight time wages to Plaintiff for the off-the-clock work they performed in multiple workweeks.

***Defendants***

15. Defendant CHIPOTLE SERVICES, LLC, at all times herein mentioned, was and is, upon information and belief, an employer that employs and/or otherwise engages workers in the State of New York, including the County of Queens.

16. Defendant CHIPOTLE MEXICAN GRILL, INC., at all times herein mentioned, was and is, upon information and belief an employer that employs and/or otherwise engages workers in the State of New York, including the County of Queens.

17. At all relevant times, CHIPOTLE SERVICES, LLC and CHIPOTLE MEXICAN GRILL, INC. were the "employer" of Plaintiff, FLSA Collective Members, and Class Members within the meaning of all applicable state and federal laws and statutes.

18. Upon information and belief, CHIPOTLE SERVICES, LLC and CHIPOTLE MEXICAN GRILL, INC. are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

19. The true names and capacities, whether corporate, associate, individual or otherwise, of all defendants legally responsible for the events and happenings referred to in this Complaint are unknown. Said defendants unlawfully caused the injuries and damages to Plaintiff, FLSA Collective Members, and Class Members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained. Said defendants, CHIPOTLE SERVICES, LLC, and CHIPOTLE MEXICAN GRILL, INC. are herein collectively referred to as "Defendants."

20. At all times herein relevant, Defendants, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-

conspirators, and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators, and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein.

21. At all times relevant, Defendants maintained control, oversight, and direction over Plaintiff and similarly situated employees. This consisted of maintaining operations, employment, timekeeping, and payroll records and systems; supervising and directing their work; evaluating their work using various performance metrics; and tracking the tasks they performed.

22. Defendants apply the same operations and employment policies, practices, and procedures to all FLSA Collective Members, and Class Members.

23. Plaintiff is informed and believes, and based thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

24. At all relevant time periods, Defendants have been employers, both jointly and in their individual capacities, within the meaning of the FLSA under 29 U.S.C. § 203(d).

25. At all relevant time periods, Plaintiff and FLSA Collective Members were and/or are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

26. At all relevant time periods, Plaintiff and FLSA Collective Members were and/or are employees who engaged in commerce or in the production of goods for commerce and/or employed in an enterprise engaged in the production of goods for commerce, as required by 29 U.S.C. § 207.

27. At all relevant time periods, Defendants have been an enterprise within the meaning of the FLSA, under 29 U.S.C. § 203.

///

## JURISDICTION AND VENUE

28. This action is brought pursuant to 29 U.S.C. § 216(b) and Article 9 of the NY CPLR. The monetary damages sought by Plaintiff exceed the minimal jurisdiction limits of this Court and will be established according to proof at trial.

29. This Court has jurisdiction pursuant to NY CPLR § 301.

30. Defendants are subject to personal jurisdiction in New York because, among other things, Defendants regularly transact or transacted business in the State, and have committed acts within the State that have caused injury to persons and/or property within the State.

31. This Court is empowered to issue a declaratory judgment pursuant to NY CPLR § 3001.

32. Venue is proper in this County pursuant to NY CPLR § 509.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), Plaintiff brings this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks to prosecute the FLSA claims as a collective action on behalf of:

> All current and former hourly-paid or non-exempt employees who worked for Defendants in the State of New York at any time during the period from three years prior to the filing of this Complaint to the date of final judgment in this action and who choose to opt-in to this action (referred to herein as the "FLSA Collective Members" or "FLSA Collective").

34. Plaintiff brings this action on behalf of the FLSA Collective Members as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff reserves the right to establish additional subclasses as appropriate.

35. Plaintiff consents in writing to opt-in to this action, as required by 29 U.S.C. § 216(b). Like Plaintiff, each potential member of the FLSA Collective must sign a written consent to join this action, indicating a willingness to participate in the lawsuit and be bound by the outcome as an "opt-in" plaintiff.

36. Notice of the pendency and any resolution of this action can be provided to potential FLSA Collective Members by mail, print, internet, and/or telephone text message publication.

37. There is a well-defined community of interest in the litigation and the potential FLSA Collective Members are readily ascertainable.

38. There are common questions of law and fact as to the FLSA Collective that predominate over questions affecting only individual members, including and not limited to:

a. Whether Defendants failed to pay minimum wages to Plaintiff and FLSA Collective Members;

b. Whether Defendants required Plaintiff and FLSA Collective Members to work off the clock and thereby failed to pay legally required wages to Plaintiff and FLSA Collective Members for all hours worked;

c. Whether Defendants failed to reimburse Plaintiff and FLSA Collective Members for all necessary business expenses incurred;

d. Whether Defendants' conduct was willful; and

e. Whether Plaintiff and FLSA Collective Members have sustained damages, and if so, what is the proper measure of those damages.

39. Defendants' unlawful conduct has been widespread, repeated, and consistent.

40. The FLSA Collective Members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

41. Plaintiff brings this action under NY CPLR § 901, individually and on behalf of all other persons similarly situated, and thus seeks to prosecute the claims as a class action on behalf of:

> All current and former hourly-paid or non-exempt employees who worked for Defendants in New York during the period from six years prior to the filing of this Complaint to the date of final judgment in this action (the "Class Members" or "Class").

42. Plaintiff reserves the right to establish subclasses as appropriate.

43. The Class Members are ascertainable, and there is a well-defined community of interest in the litigation.

///

***Numerosity and Ascertainability***

44. The membership of the entire Class is unknown to Plaintiff at this time. However, upon information and belief, the Class is estimated to consist of approximately fifty (50) or more individuals.

45. The number of putative Class Members is so numerous that joinder of all Class Members is impracticable.

46. Class Members are readily ascertainable. The number and identity of Class Members are determinable from Defendants' records. The positions held and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under applicable law.

***Common Questions of Law and/or Fact***

47. The claims of Plaintiff and Class Members arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories. There are questions of law and fact common to the Plaintiff and Class Members that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

a. Whether Defendants had a policy of failing to pay Plaintiff and Class Members for all time that they work;

b. Whether Defendants failed to compensate Plaintiff and Class Members for all hours worked, including minimum and regular wages to which they were entitled by law;

c. Whether Defendants paid Plaintiff and Class Members at the proper wage rate for all hours worked;

///

///

///

d. Whether Defendants failed to provide Plaintiff and Class Members with meal and/or rest breaks to which they are entitled by law, requiring them to perform work during meal and/or rest breaks without proper compensation;

e. Whether Defendants failed to timely pay all wages due to Plaintiff and Class Members during their employment;

f. Whether Defendants failed to timely pay all wages due to Plaintiff and Class Members upon the end of their employment;

g. Whether Defendants failed to keep contemporaneous, complete, true and accurate records pertaining to Plaintiff and Class Members, as required by law, including, *inter alia,* hours worked, rates of pay, gross wages, all deductions, allowances, if any, and amount of sick leave provided to each employee for each pay period;

h. Whether Defendants failed to furnish Plaintiff and Class Members with an accurate wage notice upon hire;

i. Whether Defendants failed to furnish Plaintiff and Class Members with an accurate itemized wage statement, as required by law, indicating, *inter alia*, wages, hours worked, rates paid, and gross wages;

j. Whether Defendants failed to pay Plaintiff and Class Members legally required wages by requiring Plaintiff and Class Members to incur employer and/or business-related expenses and failing to reimburse for them;

k. Whether Defendants required Plaintiff and Class Members to maintain uniforms but failed to properly pay Plaintiff and Class Members uniform maintenance pay;

l. Whether Defendants failed to pay Plaintiff and Class Members an extra hour of pay at the minimum wage rate when they worked more than one

shift in a day and their total hours worked in that day were ten (10) or more hours;

m. Whether Defendants imposed service fees on the sale of food, beverages, and other services to their customers, but failed to distribute the total proceeds of those service fee surcharges to Plaintiff and Class Members who are non-managerial service employees as required by New York law.

n. Whether Defendants' failure to distribute the total proceeds of service fee surcharges to Plaintiff and Class Members who are non-managerial service employees as required by New York law, further constitutes false advertising, as well as deceptive and unfair business practices, under New York General Business Law §§ 349 and 350.

o. Whether Defendants were unjustly enriched from Defendants' employment and operations policies, practices, and procedures under New York common law;

p. Whether Defendants had actual or constructive knowledge of the facts set forth herein;

q. Whether Defendants' conduct alleged herein was willful, intentional, and or reckless; and

r. The proper formula for calculating damages owed to Plaintiff and Class Members as alleged herein, including the nature and extent of Plaintiff and Class Members' injuries, damages, and loss, and the appropriate measure of compensation for such injuries, damages, and loss.

***Typicality***

48. Plaintiff's claims are typical of those claims which could be alleged by Class Members, and the relief sought is typical of the relief which would be sought by Class Members in separate actions.

49. All Class Members were subject to the same practices of Defendants, as alleged herein, including inter alia, failing to pay required wages (including and not limited to, for off-the-clock work), failing to timely pay wages, failing to maintain records, and failing to provide proper wage statements and notices.

50. Plaintiff and Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with applicable law.

51. Plaintiff and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Class Members.

52. Plaintiff and Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

53. Plaintiff is able to fairly and adequately represent and protect the interests of the Class Members, and Plaintiff's interests do not conflict with the interests of the Class Members.

54. Plaintiff is represented by counsel who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

***Superiority***

55. A class action is superior to other available means for the fair and efficient adjudication of this controversy – particularly in the context of wage and hour litigation like the present action, where individual members of the Class may lack the financial resources to vigorously prosecute a lawsuit in court against a defendant. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Plaintiff and Class Members predominate over any questions affecting only individual members of the Class. Individualized litigation increases the delay and expense to all parties and the Court. By contrast, class action

treatment will allow similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

56. The prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, and, in turn, would establish incompatible standards of conduct for Defendants.

57. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COMMON FACTUAL ALLEGATIONS

58. Plaintiff, FLSA Collective Members, and Class Members are current and former hourly-paid or non-exempt employees who worked for Defendants during the relevant time period.

59. At all times relevant, Plaintiff and Class Members have been employees of Defendants and Defendants have been the employer of Plaintiff and Class Members within the meaning of the NYLL § 650, et seq., and the supporting New York State Department of Labor Regulations.

60. The time that Defendants required Plaintiff, FLSA Collective Members, and Class Members to work without compensation deprived them of substantial pay to which they are entitled under the FLSA and the NYLL.

61. Under New York law, specifically NYLL § 162, employers are required to provide factory hourly, non-exempt employees working a shift of six (6) or more hours with a 60-minute duty-free, uninterrupted meal period between 11:00 a.m. and 2:00 p.m. when the shift extends over that period and a 60-minute duty-free, uninterrupted meal period at the time midway between the beginning and end of the shift when the shift starts between 1:00 p.m. and 6:00 a.m.; provide non-factory hourly, non-exempt employees working a shift of six (6) or more hours with a 30-minute duty-free, uninterrupted meal period between 11:00 a.m. and 2:00 p.m. when the shift extends over that period and a 45-minute duty-free, uninterrupted meal period at the time midway between the beginning and end of the shift when the shift starts between 1:00 p.m. and 6:00 a.m.; and all hourly, non-exempt employees are entitled to an additional 20-minute duty-free, uninterrupted meal period

between 5:00 p.m. and 7:00 p.m. for workdays that extend from before 11:00 a.m. to after 7:00 p.m.

62. Under New York law, during meal periods, employees must be completely relieved from duty and free to leave their work areas and engage in other personal pursuits, and when meal periods are interrupted, missed, and/or shortened by the performance of any work, whether active or in-active, or when the employee is prohibited from leaving their work areas and/or engaging in personal pursuits, they do not count as meal periods and must be counted and compensated by the employer as time worked.

63. Plaintiff, FLSA Collective Members, and Class Members worked off the clock for Defendants' benefit before clocking in for a shift, during what should have been a duty-free meal break, and after clocking out of a shift.

64. Defendants were aware that Plaintiff, FLSA Collective Members, and Class Members worked off the clock before clocking in for a shift, during what should have been a duty-free meal break, and after clocking out of a shift, yet Defendants failed to pay them minimum and regular wages for all hours worked.

65. Defendants required Plaintiff, FLSA Collective Members, and Class Members to incur employer and/or business-related expenses and costs and failed to reimburse them. The unreimbursed costs constitute necessary business expenditures incurred in direct consequence of Plaintiff's, FLSA Collective Members', and Class Members' job duties or in obedience to Defendants' directions, and reduced Plaintiff's, FLSA Collective Members', and Class Members' take-home pay below the legally-required wage rates.

66. Under New York law, employers are required to pay uniform maintenance pay and reimbursement for cost of purchasing uniforms, as mandated by applicable Wage Orders, including, inter alia, 12 NYCRR § 146-1.7, and/or 12 NYCRR § 146-1.8.

67. Plaintiff and Class Members were required to maintain uniforms but were not properly paid uniform maintenance pay.

68. Under New York law, employers are required to pay an extra hour of pay at the minimum wage rate when a workday exceeds ten (10) hours, including breaks and split shifts, as mandated by the supporting New York State Department of Labor Regulations, including, inter alia, 12 NYCRR § 146-1.6.

69. Plaintiff and Class Members worked more than one shift in a day and their total hours worked in that day were ten (10) or more hours.

70. Defendants failed to pay Plaintiff and Class Members an extra hour of pay at the minimum wage rate when they worked more than one shift in a day and their total hours worked in that day were ten (10) or more hours.

71. Throughout the duration of their employment, Plaintiff and Class Members received paychecks from Defendants that did not properly record or compensate them for all hours that they worked.

72. Defendants failed to pay promised wages to Plaintiff and Class Members as required by NYLL §§ 193 and 198.

73. Defendants failed to timely pay wages to Plaintiff and Class Members as required by NYLL § 191.

74. Defendants failed to adequately furnish Plaintiff and Class Members with an accurate wage notice upon hire, as required by NYLL § 195(1).

75. Defendants failed to adequately provide Plaintiff and Class Members notice of any changes to their wage notice, as required by NYLL § 195(2).

76. Defendants failed to furnish Plaintiff and Class Members with accurate itemized wage statements indicating, inter alia, wages, hours worked, rates paid, and gross wages, as required by NYLL § 195(3).

77. Defendants failed to keep contemporaneous, complete, true, and accurate records pertaining to Plaintiff and Class Members, as required by law, including, inter alia, hours worked, rates of pay, gross wages, all deductions, allowances, if any, and amount of sick leave provided to each employee for each pay period, as required by NYLL § 195(4).

78. Defendants routinely added a mandatory surcharge and/or a delivery fee to their bills for food, beverage, and other services. These service fee surcharges are in the form of automatic charges which customers are required to pay, and which reasonably appear to be gratuities for the service and delivery staff.

79. Defendants imposed mandatory "service charge" and/or "delivery fee" surcharges (herein collectively referred to as "service fees") on the sale of food and beverages to their customers, but failed to distribute the total proceeds of those service fee surcharges to Plaintiff and Class Members who are non-managerial service employees as required by New York law. This conduct violates NYLL § 196-d and further constitutes false advertising, as well as deceptive and unfair business practices, under New York General Business Law §§ 349 and 350.

80. Plaintiff is informed, believes, and based thereon alleges that Defendants' unlawful conduct has been widespread, repeated, and consistent as to FLSA Collective Members and Class Members and throughout Defendants' operations.

81. Defendants were or should have been aware that the FLSA and New York law required Defendants to pay hourly-paid or non-exempt employees for all hours worked.

82. Defendants' failure to pay hourly-paid or non-exempt employees minimum and regular wages for all hours worked was willful, intentional, and in bad faith.

**<u>FIRST CAUSE OF ACTION: FLSA – MINIMUM WAGE</u>**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 206:**
**(Brought on Behalf of Plaintiff and the FLSA Collective)**

83. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

84. Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff and FLSA Collective Members were entitled to receive minimum wages for all hours worked.

85. At all material times set forth herein, Defendants violated Plaintiff's and FLSA Collective Members' rights to minimum wage by failing to compensate them for all hours worked

and by failing to fully reimburse for all necessary business-related expenses incurred by Plaintiff and the FLSA Collective.

86. At all material times set forth herein, Defendants' failure to pay Plaintiff and FLSA Collective Members minimum wages for all hours worked and failure to fully reimburse Plaintiff and FLSA Collective Members for all necessary business-related expenses incurred, as required by the FLSA, violated the provisions of the FLSA and was, therefore, unlawful. Moreover, Defendants' failure to pay Plaintiff and FLSA Collective Members minimum wages and failure to reimburse them for all necessary business-related expenses was and is a result of a uniform policy or practice.

87. At all material times, Defendants' failure to pay Plaintiff and FLSA Collective Members was the result of Defendants' willful, knowing, and intentional violation of the provisions of the FLSA, or alternatively, Defendants' reckless disregard for the requirements of those provisions.

88. As a result of Defendants' unlawful conduct, Plaintiff and FLSA Collective Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours actually worked.

89. As a result of Defendants' violations of the FLSA, 29 U.S.C. § 216(b), Plaintiff and FLSA Collective Members are entitled to recover the full amount of unpaid minimum wages as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION: NEW YORK NON-OVERTIME WAGES

**Violation of NYLL Articles 6 and 19, § 650 *et seq.* and Applicable Wage Orders, including, *inter alia*, 12 NYCRR Part 146**
**(Brought on Behalf of Plaintiff and the Class)**

90. Plaintiff realleges and incorporates by reference all preceding allegations in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

91. Defendants have engaged in a widespread pattern, policy, and practice of violating New York law, as detailed in this Complaint.

92. Defendants failed to pay Plaintiff and Class Members non-overtime wages, including minimum and regular wages, uniform maintenance pay, and reimbursement for business expenses (e.g., personal cellphone usage, footwear, uniform maintenance), to which they are entitled under New York law, including, inter alia, NYLL Art. 19 § 650, et seq. and § 663, and the applicable Wage Order, including, inter alia, 12 NYCRR Part 146.

93. By engaging in the conduct alleged herein, Defendants willfully failed to pay Plaintiff and Class Members promised wages for all hours worked, in violation of New York labor law, including, inter alia, NYLL Article 6, §§ 193 and 198, which only permits deductions from and/or reductions of wages for certain enumerated purposes where such deduction and/or reductions are authorized in writing and for the benefit of the employee. The failure to pay promised wages constitutes wage theft as a full deduction and/or reduction from wages of an employee.

94. Defendants' failure to pay required wages to Plaintiff and Class Members as set forth above was willful within the meaning of NYLL Article 6, §§ 193 and 198.

95. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and Class Members.

96. Defendants lacked a good faith basis, within the meaning of NYLL § 663, to believe Defendants' failure to pay Plaintiff and Class Members' minimum and regular wages complied with New York law.

97. Through their knowing or intentional failure to pay Plaintiff and Class Members wages for all hours worked at the appropriate rate, Defendants have willfully violated New York law, including, inter alia, NYLL Article 19, § 650, et seq. and § 663, and the supporting New York State Department of Labor Regulations.

98. As a result of Defendants' violations of the NYLL, Plaintiff and Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such

amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6, § 190, et seq., Article 19, § 650, et seq., and the supporting regulations, including, inter alia, 12 NYCRR Part 146.

**THIRD CAUSE OF ACTION: FAILURE TO TIMELY PAY WAGES**
**Violation of NYLL Article 6, § 191**
**(Brought on Behalf of Plaintiff and the Class)**

99. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

100. Under New York law, specifically, NYLL § 191, wages must be paid in full to manual workers weekly and not later than seven (7) calendar days after the end of the week in which the wages are earned; and manual workers for non-profit entities must be paid in accordance with their agreed terms of employment but not less frequently than semi-monthly.

101. Under New York law, specifically NYLL § 191, wages must be paid in full to workers who are not a manual worker, railroad worker, or commissioned salesman in accordance with their agreed terms of employment but not less frequently than semi-monthly, on regular pay days designated in advance by the employer.

102. Under New York law, specifically NYLL § 191, employees whose employment has ended are entitled to be paid no later than the pay day on which their next pay would have been due had they still been employed.

103. Plaintiff is informed and believes that, as a result of the conduct alleged herein, including, inter alia, Defendants' failure to pay proper wages for all hours worked by Plaintiff and Class Members and to reimburse business expenses incurred by Plaintiff and Class Members, Defendants failed to pay Plaintiff and Class Members whose employment has ended all compensation to which they were entitled to be paid, no later than the pay day on which their next pay would have been due had they still been employed.

104. The timely payment of wages provisions in NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and Class Members.

105. Defendants failed to pay Plaintiff and Class Members on a timely basis as required by NYLL § 191.

106. As a result of Defendants' violations of the NYLL, Plaintiff and Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6, § 190, et seq., Article 19, § 650, et seq., and the supporting regulations, including, inter alia, 12 NYCRR Part 146.

**FOURTH CAUSE OF ACTION: NOTICE UPON HIRING**
**Violation of NYLL Article 6, § 195 (1)(a)**
**(Brought on Behalf of Plaintiff and the Class)**

107. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

108. NYLL § 195(1)(a) requires employers to provide their employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other (for all employees who are not exempt from overtime compensation as established in the Commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay); allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the benefit portion of the minimum rate of home care aide total compensation as defined in section thirty-six hundred fourteen-c of the public health law ("home care aide benefits"), if applicable; prevailing wage supplements, if any, claimed as part of any prevailing wage or similar requirement pursuant to NYLL Article 8, § 220, et seq.; the regular pay day designated by the employer in accordance

with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

109. NYLL § 195(1)(a) further requires that, each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of such notice, which the employer shall preserve and maintain for six (6) years.

110. NYLL § 195(2) further requires that an employer notify their employees in writing of any changes to the information required by NYLL § 195(1) at least seven (7) calendar days prior to the time of such changes, unless such changes are reflected on the wage statement furnished in accordance with NYLL § 195(3).

111. Defendants failed to adequately provide Plaintiff and Class Members notice upon hiring as required by NYLL § 195(1)(a).

112. Defendants failed to adequately provide Plaintiff and Class Members notice as required by NYLL § 195(2).

113. Defendants' failure to comply with NYLL § 195 was willful.

114. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL Article 6 requirement to provide notice upon hiring as detailed in this Complaint.

115. As a result of Defendants' violations of the NYLL, Plaintiff and Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6, § 190, et seq., Article 19, § 650, et seq., and the supporting regulations, including, inter alia, 12 NYCRR Part 146.

///

///

///

**FIFTH CAUSE OF ACTION: WAGE STATEMENTS**
**Violation of NYLL Article 6, § 195(3)**
**(Brought on behalf of Plaintiff and the Class)**

116. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

117. NYLL § 195(3) requires that employers furnish non-exempt employees with a statement with every payment of wages listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other (for all employees paid a piece rate, the statement shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate); gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the benefit portion of the minimum rate of home care aide total compensation as defined in section thirty-six hundred fourteen-c of the public health law ("home care aide benefits"), if applicable; prevailing wage supplements, if any, claimed as part of any prevailing wage or similar requirement pursuant to article eight of this chapter; and net wages. Where such prevailing wage supplements are claimed, or such home care aide benefits are provided, the statement shall either: (i) identify the type of each supplement claimed, or the type of each home care aide benefits provided, and the hourly rate for each; or (ii) be accompanied by a copy of the applicable notice required under NYLL § 195(1) and (2). For all employees who are not exempt from overtime compensation as established in the Commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

118. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL § 195(3) requirement to provide accurate wage statements as detailed in this complaint.

119. Defendants' failure to comply with NYLL § 195(3) was willful.

120. As a result of Defendants' violations of the NYLL, Plaintiff and Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6, § 190, et seq., Article 19, § 650, et seq., and the supporting regulations, including, inter alia, 12 NYCRR Part 146.

**SIXTH CAUSE OF ACTION: SPREAD OF HOURS**
**Violation of New York State Department of Labor Regulations, including, *inter alia*, 12 NYCRR § 146-1.6**
**(Brought on Behalf of Plaintiff and the Class)**

121. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

122. Under New York law, employers are required to pay an extra hour of pay at the minimum wage rate when an employee's workday involves more than one shift in a day and total hours worked in that day are ten (10) or more hours, including breaks and split shifts, as mandated by the New York State Department of Labor Regulations, including, inter alia 12 NYCRR § 146-1.6.

123. Plaintiff and Class Members worked for ten (10) or more hours a day.

124. Defendants failed to pay Plaintiff and Class Members an extra hour of pay at the minimum wage rate for workdays that Plaintiff and Class Members were required to work more than one shift in a day and their total hours worked in that day were ten (10) or more hours.

125. As a result of Defendants' violations, Plaintiff and Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law.

///

///

///

**<u>SEVENTH CAUSE OF ACTION: IMPROPER RETAINER OF SERVICE FEES</u>**
**Violation of NYLL § 196-d**
**(Brought on Behalf of Plaintiff and the Class)**

126. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

127. New York Labor Law § 196-d prohibits employers from retaining: (1) "any part of a gratuity" for an employee; or (2) "any charge purported to be a gratuity" for an employee.

128. Whether mandatory or voluntary, NYLL § 196-d covers any charge that a reasonable customer would have believed would serve as a gratuity. NYLL § 196-d's clear directive is that employers must distribute to service workers any "charge purported to be a gratuity for an employee."

129. Defendants routinely add a mandatory "gratuity and administrative charge" surcharge to the total cost for services. This service fee is structured in such a way to confuse customers, such that a reasonable customer is unable to discern how much of the total portion of the surcharge will be remitted to non-exempt service workers and managerial non-service workers. Unwary customers pay these service fees reasonably believing that the entirety of the service fee will be remitted to the service workers as gratuity payment, as is the widely accepted custom throughout the hospitality industry. Defendants, however, do not remit the entire service fee proceeds to Plaintiff and Class Members.

130. Customers reasonably believe that Defendants' mandatory fees are gratuity payments to service workers. The terms used in Defendants' billing practices indicate the surcharge is intended to be a gratuity payment. However, Defendants inappropriately combine these fees together while failing to clearly explain the percentage split that goes to the non-managerial service workers. As such, customers are led to believe that the service workers receive the total amount of the gratuity and/or administrative charge they pay to Defendants.

131. NYLL § 196-d requires the distribution of these surcharges, in their entirety, to service workers. Plaintiff and Class Members are and have been deprived of receiving the service fee surcharges in full that Defendants should have paid them.

132. Plaintiff and Class Members are entitled to the portions of the service fees that were not originally remitted to the service workers.

133. Upon information and belief, Defendants' ongoing violation of § 196-d are willful.

134. As a result of Defendants' violations of the NYLL, Plaintiff and Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as provided by law pursuant to NYLL Article 6 § 190, et seq., Article 19, § 650 et seq., and the supporting regulations, including, inter alia, 12 NYCRR Part 146.

**EIGHTH CAUSE OF ACTION: UNJUST ENRICHMENT**
**Violation of New York Common Law**
**(Brought on Behalf of Plaintiff and the Class)**

135. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs, and each and every part thereof with the same force and effect as though fully set forth herein.

136. Defendants' conduct as set forth above constitutes unjust enrichment under New York common law.

137. At all relevant times, Plaintiff and Class Members bestowed a benefit in the form of service which is customarily "tipped" in addition to hourly wages that are regularly paid to service workers.

138. Because of Defendants' non-payment and underpayment to Plaintiff and Class Members of all sums (service, delivery, tip, and fees charged), Defendants knowingly receive and retain funds that patrons intend to be paid in full to the waitstaff and other non-managerial service workers.

139. In equity and good conscience, said funds belong to Plaintiff and Class Members, not Defendants or other non-service workers employed by Defendants.

140. Defendants will obtain such benefit without adequately compensating Plaintiff and Class Members if Defendants are permitted to retain the unpaid service fee surcharges collected from their customers without remitting the entirety of the service fee payments to their intended beneficiaries – the non-managerial service workers.

141. The Court should award appropriate equitable and injunctive relief, including, inter alia, that Defendants should therefore be required to disgorge all ill-gotten gains as a result of failing to remit the entirety of gratuity proceeds charged to Defendants' customers to service employees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated individuals, prays for the following relief:

A. Designation of this action as a collective action on behalf of FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in collective, apprising them of the pendency of this action, and permitting them to assert timely claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Certification of this case as a class action on behalf of Class Members pursuant to NY CPLR § 901;

C. Designation of Plaintiff as representative of the Class;

D. Designation of Plaintiff's counsel of record as counsel for the Class ("Class Counsel");

E. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail, and telephone numbers) of all members of the Class;

F. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*, New York law, including, *inter alia*, NYLL Article 6, § 190, *et seq.*, Article 19, § 650, *et seq.*, and/or the supporting New York State Department of Labor Regulations;

G. An award of damages, including unpaid wages, liquidated damages, and restitution to be paid by Defendants, according to proof;

H. Appropriate equitable and injunctive relief to remedy violations, including but not limited to, an order enjoining Defendants from continuing their unlawful practices;

I. Penalties, as provided by law;

J. Pre-judgment and post-judgment interest, as provided by law; and

K. Attorneys' fees and costs incurred in the action, including expert fees, as provided by law;

L. Reasonable service awards for the named plaintiffs to compensate them for the time they spent attempting to recover wages for the FLSA Collective and/or the Class, and for the risks they took in doing so; and

M. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of all others similarly situated, requests a trial by jury.

Dated: August 25, 2026

**LAWYERS *for* JUSTICE, P.C.**

By: /s/ Joanna Ghosh

Joanna Ghosh
**LAWYERS *for* JUSTICE, P.C.**
217 Broadway, Suite 511
New York, New York 10007
Telephone: (516) 587-8423
Facsimile: (818) 265-1021
joanna@calljustice.com

*Attorneys for Plaintiff, the Putative Class, and the FLSA Collective*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

LARAY GILLETT, individually, and on behalf of others similarly situated

Plaintiff

v.

CHIPOTLE SERVICES, LLC, CHIPOTLE MEXICAN GRILL, INC.

Defendant

AFFIRMATION OF SERVICE

File/Index No.: 725383/2026
Issued On:
Alt File/Index No.: Calendar No.:

**SERVICE UPON: CHIPOTLE MEXICAN GRILL, INC.**

STATE OF NEW YORK, COUNTY OF ALBANY: ss

John A, Habermehl hereby affirms that: I am not a party to the within action, am over the age of 18 years and reside in the State of New York.

On 9/4/2026 at 2:57 PM at 80 State St, Albany, NY 12207-2541, I effected service of process of the following documents: SUMMONS; COLLECTIVE AND CLASS ACTION COMPLAINT upon CHIPOTLE MEXICAN GRILL, INC.

By delivering to and leaving a true copy thereof with "John Doe" (names not divulged) who is the authorized agent for Corporation Service Company the registered agent for CHIPOTLE MEXICAN GRILL, INC.

I describe the recipient at the time of service as follows: Gender: Male Race/Skin: Caucasian Age: 25-35 Height: 5'7 Weight: 170 Lbs Hair: Brown

I affirm this 11th day of September, 2026 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

John A Habermehl
52 Graw Rd
Nassau, NY 12123
(518) 729-9800

Order #:LA833654A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

LARAY GILLETT, individually, and on behalf of others similarly situated

Plaintiff

v.

CHIPOTLE SERVICES, LLC, CHIPOTLE MEXICAN GRILL, INC.

Defendant

AFFIRMATION OF SERVICE

File/Index No.: 725383/2026
Issued On:
Alt File/Index No.: Calendar No.:

**SERVICE UPON: CHIPOTLE SERVICES, LLC**

STATE OF NEW YORK, COUNTY OF ALBANY: ss

John A, Habermehl hereby affirms that: I am not a party to the within action, am over the age of 18 years and reside in the State of New York.

On 9/4/2026 at 2:57 PM at 80 State St, Albany, NY 12207-2541, I effected service of process of the following documents: SUMMONS; COLLECTIVE AND CLASS ACTION COMPLAINT upon CHIPOTLE SERVICES, LLC.

By delivering to and leaving a true copy thereof with "John Doe" (names not divulged) who is the authorized agent for Corporation Service Company the registered agent for CHIPOTLE SERVICES, LLC.

I describe the recipient at the time of service as follows: Gender: Male Race/Skin: Caucasian Age: 25-35 Height: 5'7 Weight: 170 Lbs Hair: Brown

I affirm this 11th day of September, 2026 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

John A Habermehl
52 Graw Rd
Nassau, NY 12123
(518) 729-9800

Order #:LA833654

# EXHIBIT B

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

| | | |
|---|---|---|
| LARAY GILLETT, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHIPOTLE SERVICES, LLC, CHIPOTLE MEXICAN GRILL, INC.,<br><br>Defendants. | ) | Index No.: 725383/2026 |

**DEFENDANTS CHIPOTLE SERVICES, LLC AND CHIPOTLE MEXICAN GRILL, INC.'S NOTICE OF FILING OF NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT** on September 24, 2026, Defendants in the above-captioned action removed this action to the United States District Court for Eastern District of New York, by filing a Notice of Removal in that Court. A copy of the Notice of Removal is attached hereto as **Exhibit A** (with exhibits). Accordingly, and pursuant to 28 U.S.C. §1446(d), this Court may proceed no further unless and until the case is remanded.

Dated: September 24, 2026

Respectfully submitted,

*/s/ Alexandra L. Simels*
Alexandra L. Simels, Esq.
MARTENSON, HASBROUCK, & SIMON LLP
One Battery Park Plaza, Suite 1110
New York, NY 10004
Telephone: (332) 345-2472
asimels@martensonlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 24, 2026, I electronically filed the foregoing document with the Clerk of the Court, which automatically sends notice of the filing to Plaintiff's counsel of record. The foregoing document is also being served by U.S. Mail First Class to Plaintiff's counsel of record.

Joanna Ghosh, Esq.
Lawyers for Justice, P.C.
217 Broadway, Suite 511
New York, New York 10007
Telephone: (516) 587-8423
joanna@calljustice.com

*/s/ Alexandra L. Simels*
Alexandra L. Simels, Esq.